HAY FOUNDRY & IRON WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75820. Promulgated September 30, 1935.

*Louis A. Gravelle, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $78,834.84 in the income tax of the petitioner for the period January 1 to April 30, 1931. The petitioner has waived all assignments of error except one. The parties have stipulated the facts. The sole question for decision is whether the gain which the petitioner admits it realized from the transfer of its assets to the Bethlehem Steel Corporation (hereinafter called Bethlehem) in exchange for bonds of the latter and cash is recognized for tax purposes.

The petitioner wrote a letter dated March 21, 1931, to Bethlehem granting to the latter an option to " acquire " subsantially all of the assets of the petitioner in exchange for $2,000,000 principal amount of Bethlehem's 4½ percent serial gold bonds and $26,250 in cash. The cash " was in adjustment of interest " on the bonds. The bonds were part of an issue of $25,000,000 made in 1930, and had a market value equal to par at the time of the exchange. The letter stated that the petitioner desired " to be a party with you [Bethlehem] to a reorganization of the undersigned pursuant to which " the properties of the petitioner should be acquired by Bethlehem in exchange for the securities and cash and the petitioner should thereafter be dissolved. It further stated that in the letter exercising the option

Bethlehem should, *inter alia*, " state your desire that the agreement made by the exercise by you of the Option shall constitute a plan of reorganization of the undersigned to which you shall be a party." Bethlehem wrote a letter dated April 22, 1931, stating that it elected to exercise the option and that it desired that the agreement should constitute a plan of reorganization of the petitioner to which Bethlehem should be a party. References were made to a " plan of reorganization " in the resolutions of the board of directors and of the stockholders of the petitioner approving and authorizing the exchange. The exchange was made on April 22, 1931. The petitioner distributed the bonds and cash to its stockholders in proportion to their stockholdings without the surrender by them of their stock in the petitioner. The petitioner was dissolved on June 27, 1931.

The petitioner concedes that it realized a profit in the amount determined by the Commissioner, but contends that the gain is not recognized because subsections (b) (4) and (d) (1) of section 112 of the Revenue Act of 1928 apply.[1] The bonds received by the petitioner were clearly securities within the meaning of section 112 (b) (4). If there was a reorganization, then both the petitioner and Bethlehem were parties to it. Furthermore, if there was a reorganization, the exchange and the distribution were made pursuant to the plan of reorganization. Thus the case seems to depend upon whether there was or was not a reorganization.

The Commissioner contends that there was merely a sale of assets for bonds and cash and a " reorganization " was prominently mentioned by the petitioner in the records and evidence of the exchange just for the purpose of avoiding tax. The petitioner contends that there was a reorganization within the definition of that term as given in section 112 (i) (1) (A), which provides that " the term ' reorganization ' means (A) a merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation)." Although there was neither a merger nor a consolidation, Bethlehem acquired substantially all of the properties of the petitioner. The words within the parenthesis " expand the meaning of ' merger ' or ' consolidation ' so as to include some things which partake of the nature of a merger or consolidation but are

---

[1] Sec. 112 (b). (4) Same—Gain of corporation.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

    \*       \*       \*       \*       \*       \*       \*

(d) *Same—gain of corporation.*—If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange * * *.

beyond the ordinary and commonly accepted meaning of those words." *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462.

Did the transaction " partake of the nature of a merger or consolidation?" The properties of two existing businesses were combined, as in a merger or consolidation, and the petitioner was promptly dissolved. Cf. *Alfred R. L. Dohme*, 31 B. T. A. 671. The interest of the stockholders of the combining corporations continues in a merger or consolidation. Neither the petitioner nor its stockholders received any stock of Bethlehem. But section 112(b)(4) says " stock or securities " and the petitioner, therefore, contends that this transaction, in which the property was exchanged for securities, comes precisely within the provisions of section 112(b)(4); since the word " securities " was used as an alternative to stock in section 112(b)(4) and section 112(d), it is unreasonable to conclude that Congress meant to nullify that use of the word " securities " by the provisions of section 112(i)(1)(A); therefore the bonds of Bethlehem furnish the necessary continuity of interest to bring the transaction within section 112(i)(1)(A).

The rule that some continuity of interest was necessary in a statutory reorganization was first laid down by the Court of Appeals for the Second Circuit in *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937; certiorari denied, 288 U. S. 599. The Supreme Court approved that rule in *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, *supra*. In each of those cases the court held that the necessary continuity of interest was not furnished by the receipt of short term promissory notes. The Circuit Court of Appeals for the Second Circuit, with the author of the *Cortland Specialty Co.* opinion sitting as a member of the court, has recently held, in *Worcester Salt Co.* v. *Commissioner*, 75 Fed. (2d) 251, that bonds do not give the necessary continuity of interest to the transferor to make the transfer partake of the nature of a merger or consolidation. The time within which an application for a writ of certiorari could have been made in that case has expired and no writ has been applied for. The courts, in the cases just cited, fully realized that the word " securities " was disjunctively coupled with the word " stocks " in the statute. Not only is the *Worcester Salt Co.* opinion direct authority against the contention of the petitioner in this case, but it is the only authority on the subject which has come to our attention. We hold, on authority of the opinion of the court in the *Worcester Salt Co.* case, that the transaction here in question was in reality a sale and the general rule of section 112(a) applies rather than any of the exceptions contained in section 112.

Reviewed by the Board.

*Decision will be entered for the respondent.*